## WALLACE G. MOWRY AND OTHERS v. STEWART STATE BANK.[1]

November 29, 1929.

No. 27,415.

*Norton & Norton,* for appellants.

*E. R. Maetzold* and *Sam G. Anderson,* for respondent.

DIBELL, J.

Action by the two executors and the executrix of Frank L. Mowry against the defendant bank to recover damages for an unauthorized delivery of a satisfaction of a mortgage executed by Marie and Howard F. Mowry, the mortgagors, to the decedent, the mortgagee. The action was dismissed at the close of the plaintiffs' testimony

[1] Reported in 227 N. W. 660.

on the motion of the defendant. The plaintiffs appeal from an order denying their motion for a new trial.

■ After the appeal was perfected two of the three executors, Wallace G. Mowry and H. F. Mowry, and the defendant, stipulated for a dismissal of the appeal and an order of dismissal was entered. Afterwards on motion of the executrix the appeal was reinstated with leave to the parties to be heard on the question of dismissal when the case came on to be heard on the merits.

The appeal should not be dismissed. There is a disagreement among the representatives of the decedent, and perhaps a personal interest in one or more of them, in having an order of dismissal entered. The two executors claim the right to dismiss because of a provision in the will of the decedent giving to a majority of the representatives the right to control the estate. The disagreement between the representatives can be settled in the court below, and it can determine on such showing as may be had whether there should be further litigation. Our holding in denying a dismissal will have no bearing on the future action of the trial court in determining upon the continuance of the litigation.

■ The action was dismissed by the trial court when the plaintiffs rested. The defendant did not rest. The question is not whether the evidence would sustain findings for the defendant but whether it would sustain findings for the plaintiffs. If it would sustain findings for the plaintiffs the action should not have been dismissed.

The evidence gives us little information. Frank L. Mowry held a mortgage of $19,500 executed by Marie Mowry and Howard F. Mowry, one of the executors, recorded in the counties of McLeod, Renville, and Hennepin. On August 22, 1927, in the basement of his home in Minneapolis, Frank L. Mowry executed a satisfaction of the mortgage, and it was taken by W. N. Cayott, the assistant cashier of the defendant bank, and the next day recorded by him in McLeod county and thereafter in Renville and Hennepin counties. Cayott executed a receipt in the following form:

"Minneapolis, Minn. August 22, 1927.

"F. L. Mowry.

"We hereby acknowledge receipt of a satisfaction of mortgage to be turned over to Marie Mowry and H. F. Mowry upon receipt of the sum of $10,000 with interest at 6% from June 29, 1926.

"Stewart State Bank

"By W. N. Cayott, Asst. Cashier."

He says it was executed two days after the transaction and dated back to August 22, 1927. Wallace G. Mowry, one of the plaintiffs, was at the decedent's residence at the time. His testimony suggests that the receipt was made at the time and given to F. L. Mowry. It does not appear that the receipt was ever in the bank or that any of the bank officers except Cayott knew about it. If anything, the negative appears. It does not appear that the satisfaction was delivered to the mortgagors unless it be gathered from the fact, and the inferences to be drawn therefrom, that it was put into the possession of Cayott and that he the next morning filed it for record in McLeod county and subsequently in the other two counties. It is not certain that this constituted a delivery to Marie Mowry and H. F. Mowry. The $10,000 was not paid to the bank nor so far as is shown to anyone.

Cayott and the decedent had for long years been personal friends. He does not intend by his testimony to give the impression that the transaction was a bank matter. The circumstances surrounding are quite in the dark, and with nothing more there should not be findings for the plaintiffs. The dismissal is not a bar. The parties are left where they were when they commenced.

Order affirmed.